# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JONES,<br><br>   Petitioner,<br><br>   v.<br><br>WARDEN, USP ATWATER,<br><br>   Respondent. | Case No.  1:15-cv-01020-SAB (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR RELEASE FROM CUSTODY<br><br>(ECF Nos. 2 & 3) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On July 6, 2015, Petitioner filed a motion to appoint counsel and a motion for release from custody pending the outcome of the instant habeas petition.  (ECF Nos. 2 & 3).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because he is unable to afford an attorney, he is inexperienced in legal matters, and this case involves complex legal issues. Upon a review of Petitioner's petition and the motions filed in this case, the Court finds that Petitioner has a sufficient grasp of his claims for habeas relief and the legal issues involved, and that he is able to articulate those claims adequately at this time. Furthermore, Petitioner does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance." See Weygandt, 718 F.2d at 954. Therefore, in the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

Petitioner requests his release from custody pending the outcome of the instant habeas petition. Petitioner requests release on personal recognizance pursuant to Rule 23 of the Federal Rules of Appellate Procedure. However, Rule 23 of the Federal Rules of Appellate Procedure does not apply in this situation. At this time, this is not an appeal to the court of appeals from a district court order on a habeas application. The instant application for a writ of habeas corpus is pending in this district court. This court will review the pending habeas petition in due course. Therefore, the Court must deny Petitioner's motion for release from custody pending the outcome of the habeas petition.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel is DENIED and Petitioner's motion for release from custody while pending the outcome of the petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

Dated:  **July 9, 2015**

UNITED STATES MAGISTRATE JUDGE