# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JONES, | Case No. 1:15-cv-01020-AWI-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN OF USP ATWATER, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is presently incarcerated at the United States Penitentiary Atwater, in Atwater, California. Petitioner filed the instant petition on July 6, 2015, challenging his conviction in the Western District of Texas for conspiracy to distribute over 1.5 kilograms but less than 4.5 kilograms of crack cocaine in case number 6:02-CR-00193.

## I.
## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the

1

validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162.  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  Stephens, 464 F.3d at 897 (citations omitted).  Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.  In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner argues that this petition is a pretrial submission, because he never had a trial.  However, it is clear that this is a post-conviction challenge.  Based upon a review of the docket of case number 6:02-CR-00193 in the Western District of Texas, an indictment was filed against Petitioner on November 12, 2002, and a superseding indictment was filed against Petitioner on April 8, 2003.  A jury trial was conducted in Petitioner's case from July 21, 2003 to July 22, 2003.  On July 22, 2003, the jury entered a verdict of guilty against Petitioner on counts 1, 2, and 3.  On October 2, 2003, Petitioner was sentenced.  On October 9, 2003, the judgment and commitment was entered.

Petitioner's claims are clearly direct challenges to Petitioner's conviction, not to the execution of his sentence.  Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention."  United States v. Pirro,

1 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65.  The
2 Ninth Circuit has recognized that it is a very narrow exception.  See Ivy v. Pontesso, 328 F.3d
3 1057, 59 (9th Cir.) (as amended), *cert. denied*, 540 U.S. 1051 (2003).  The remedy under § 2255
4 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was
5 denied, or because a remedy under that section is procedurally barred.  See Aronson v. May, 85
6 S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate);
7 Tripati, 843 F.2d at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not
8 render a § 2255 petition inadequate).  The burden is on the petitioner to show that the remedy is
9 inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

10   The standards announced by the various circuit courts for an "actual innocence" claim
11 contain two basic features: actual innocence and retroactivity.  E.g., Reyes–Requena v. United
12 States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re
13 Davenport, 147 F.3d 605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re
14 Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  The Ninth Circuit has acknowledged that petitioners
15 may proceed under Section 2241 pursuant to the "savings clause," when the petitioner claims to
16 be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had
17 an 'unobstructed procedural shot' at presenting this claim."  Ivy, 328 F.3d at 1059-60 (citing
18 Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898.  In
19 explaining that standard, the Ninth Circuit stated:

20
> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.
21
22

23 Ivy, 328 F.3d at 1060.

24   In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255
25 "savings clause" is tested by the standard articulated by the United States Supreme Court in
26 Bousley v. United States, 523 U.S. 614 (1998).  In Bousley, the Supreme Court explained that,
27 "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is
28 more likely than not that no reasonable juror would have convicted him."  Bousley, 523 U.S. at

623 (internal quotation marks omitted).  Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

Petitioner argues that § 2255 is inadequate and ineffective for gaining relief on his claims because he was not able to file a direct appeal or a Section 2255 petition because he was never sentenced.  However, as stated above, Petitioner was sentenced following a guilty finding by a jury.  Therefore, Petitioner had the opportunity to file a direct appeal and a Section 2255 petition raising the same claims that he raises now.  Moreover, Petitioner has failed to demonstrate that his claims qualify under the "savings clause" of Section 2255 because Petitioner's claims present purely legal arguments that do not suffice to show Petitioner's actual innocence.  Petitioner has not set forth specific facts that, when the court considers in light of all of the evidence, make a convincing case that Petitioner did not commit the offenses that he was convicted of.  Thus, as Petitioner has not satisfied the savings clause, he may not proceed under Section 2241.  Motions pursuant to § 2255 must be heard in the sentencing court.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65.  This Court lacks jurisdiction over the petition because this Court is only the custodial court and construes the petition as a §2255 motion.  See Hernandez, 204 F.3d at 864-65. Accordingly, the Court does not have jurisdiction, and the petition must be dismissed.

## II.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's petition for writ of habeas corpus be DISMISSED as the petition does not allege cognizable grounds for relief in a petition filed pursuant to 28 U.S.C. § 2241.  This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

1  Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling
2  pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within
3  the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d
4  834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 24, 2015**

UNITED STATES MAGISTRATE JUDGE