UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JONES,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN of USP ATWATER,<br><br>  Respondent. | Case No.  1:15-cv-01020-AWI-SAB-HC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 18) |

Petitioner is a federal prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 30, 2015, the Court adopted the Magistrate Judge's findings and recommendation, dismissed the petition as it did not allege cognizable grounds for a petition pursuant to 28 U.S.C. § 2241, declined to issue a certificate of appealability because it was a successive § 2255 petition disguised as a § 2241 petition, denied as moot Petitioner's motion to print legal mail notice on the envelope, denied Petitioner's motion for reconsideration of the order denying Petitioner's motion to appoint counsel and motion for release from custody, and directed the Clerk of Court to close the case.  (ECF No. 16.)

A petitioner may file a motion for reconsideration of a final judgment, and the motion may be treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from judgment or an order under Federal Rule of Civil Procedure

1

60(b). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Petitioner filed his motion for reconsideration on October 27, 2015, the day he handed it to prison officials for mailing, which is within 28 days of the entry of judgment. Therefore, the Court considers Petitioner's motion under Rule 59(e).

Petitioner's arguments do not merit reconsideration of the dismissal. It is clear that Petitioner is serving a life sentence pursuant to the judgment and commitment in case number 6:02-CR-00193 that was entered on October 9, 2003, in the United States District Court for the Western District of Texas. Petitioner attempts to argue that there are two sets of charges and that he was not actually convicted on the set of charges that he is presently incarcerated for. However, it is clear that there is only one set of charges related to Petitioner's possession with intent to distribute crack cocaine in case number 6:02-CR-00193. Contrary to Petitioner's arguments, it is clear that his petition for writ of habeas corpus is not a pretrial petition.

Liberally construing Petitioner's motion for reconsideration, it appears that Petitioner argues that he was convicted of possession with intent to distribute over 1.5 kilograms but less than 4.5 kilograms of crack cocaine, but the jury did not specifically find him guilty of the 1.5 kilograms but less than 4.5 kilograms of crack cocaine. Petitioner concedes that the jury did find him guilty of possession with intent to distribute 50 grams or more of crack cocaine. Although Petitioner is correct that the jury did not specifically find him guilty of possession with intent to distribute over 1.5 kilograms but less than 4.5 kilograms of crack cocaine, the jury did find him guilty of possession with intent to distribute 50 grams or more of crack cocaine. At the sentencing hearing on October 2, 2003, the Court heard evidence and found that the amount of crack cocaine was over 1.5 kilograms but less than 4.5 kilograms.

Liberally construing Petitioner's motion for reconsideration, it appears that Petitioner argues that because it was the judge and not the jury who found that he possessed with the intent to distribute over 1.5 kilograms but less than 4.5 kilograms of crack cocaine, that he is actually innocent.

Although not specifically cited by Petitioner, it appears that Petitioner is arguing that in light of the United States Supreme Court case of Alleyne v. United States, ⸺ U.S. ⸺, 133

1  S.Ct. 2151, 186 L.Ed.2d 314 (2013), he has not been properly convicted.  In Alleyne, the
2  Supreme Court extended the reach of its decision in Apprendi v. New Jersey, 530 U.S. 466, 120
3  S.Ct. 2348, 147 L.Ed.2d 435 (2000), and held that any fact that increases a mandatory minimum
4  sentence is an element of the offense that must be proven to a jury beyond a reasonable doubt.

5       A federal court may not entertain an action over which it has no jurisdiction.  Hernandez
6  v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the
7  validity or constitutionality of his federal conviction or sentence must do so by way of a motion
8  to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d
9  1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert.*
10 *denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983)=; In re
11 Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th
12 Cir. 1981).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.
13 In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a
14 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929
15 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
16 F.2d 840, 842 (5th Cir.1980).  "The general rule is that a motion under 28 U.S.C. § 2255 is the
17 exclusive means by which a federal prisoner may test the legality of his detention, and that
18 restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28
19 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).  Therefore, the proper vehicle for
20 challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28
21 U.S.C. § 2255.

22      In contrast, a prisoner challenging the manner, location, or conditions of that sentence's
23 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district
24 where the petitioner is in custody.  See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204
25 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th
26 Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell,
27 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.
28 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921

F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241 pursuant to the "savings clause," when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Ivy, 328 F.3d at 1060.

However, Petitioner has failed to demonstrate that his claims qualify under the "savings clause" of Section 2255 because Petitioner's Alleyne claim presents purely legal arguments that do not suffice to show Petitioner's actual innocence. See Marrero v. Ives, 682 F.3d 1190, 1193-

4

1  95 (9th Cir. 2012), *cert. denied*, — U.S. —, 133 S.Ct. 1264, 185 L.Ed.2d 206 (2013).  The
2  standards announced by the various circuit courts for an "actual innocence" claim contain two
3  basic features: actual innocence and retroactivity.  E.g., Reyes–Requena v. United States, 243
4  F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147
5  F.3d 605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d
6  245 (3d Cir. 1997).  In the Ninth Circuit, a claim of actual innocence for purposes of the Section
7  2255 "savings clause" is tested by the standard articulated by the United States Supreme Court in
8  Bousley v. United States, 523 U.S. 614 (1998).  In Bousley, the Supreme Court explained that,
9  "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is
10 more likely than not that no reasonable juror would have convicted him."  Bousley, 523 U.S. at
11 623 (internal quotation marks omitted).  Furthermore, "actual innocence means factual
12 innocence, not mere legal insufficiency."  Id.

13    The decision in Alleyne is not relevant to the issue of whether Petitioner is actually
14 innocent of the crime for which he has been convicted, which is the standard for a claim to
15 qualify under the savings clause.  See Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).  At
16 the present time, the Ninth Circuit has not held that a petitioner's challenge to his sentence
17 qualifies for the savings clause, and therefore, Petitioner cannot avail himself of the savings
18 clause.  See Marrero, 682 F.3d at 1194-95.  Petitioner has not set forth specific facts not
19 previously presented that make a convincing case that Petitioner did not commit the offense.
20 Therefore, Petitioner's Alleyne claim is not cognizable claims of actual innocence for the
21 purposes of qualifying under the savings clause to bring a Section 2241 petition.  See Marrero,
22 682 F.3d at 1193-94.  Moreover, Alleyne does not apply retroactively to cases on collateral
23 review.  See Hughes v. United States, 770 F.3d 814 (9th Cir. 2014).

24    Thus, Petitioner has not satisfied the savings clause, and may not proceed under Section
25 2241.  Motions pursuant to § 2255 must be heard in the sentencing court.  28 U.S.C. § 2255(a);
26 Hernandez, 204 F.3d at 864-65.  Because this Court is only the custodial court and construes the
27 petition as a §2255 motion, this Court lacks jurisdiction over the petition.  See Hernandez, 204
28 F.3d at 864-65.  If Petitioner wishes to pursue his claims in federal court, he must do so by way

of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. This Court does not have jurisdiction to hear the petition. Therefore, Petitioner's motion for reconsideration must be denied.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: January 20, 2016

_____
SENIOR DISTRICT JUDGE